UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: JACOB FRAIDIN,

*Debtor.*

JACOB FRAIDIN,

*Plaintiff-Appellant,*

v.

MICHAEL G. RINN,

*Defendant-Appellee.*

No. 01-2309

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-01-1602-WMN, BK-92-5-2338-JS, AP-97-5223-JS)

Submitted: April 30, 2002

Decided: May 22, 2002

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Jacob Fraidin, Appellant Pro Se. Paul-Michael Justin Sweeney,
LINOWES & BLOCHER, L.L.P., Silver Spring, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jacob Fraidin appeals from the district court's order affirming the bankruptcy court's assessment of damages following the granting of default judgment against Fraidin and in favor of the Trustee and awarding attorneys' fees.

To the extent that Fraidin challenges the propriety of the bankruptcy court's January 5, 2001, order, which granted the Trustee's motion to compel discovery, found that Fraidin was in contempt, and entered default judgment against Fraidin, these issues are not properly before this court. Fraidin's appeal from this order was dismissed with prejudice by the district court when Fraidin failed to timely file his designation of the record and his statement of issues. *See* Fed. R. Bankr. P. 8006. Fraidin did not timely appeal that decision to this court.

Fraidin also challenges the bankruptcy court's April 4, 2001, order entering final judgment against him in the amount of $1,659,077 plus interest and attorneys' fees and costs in the amount of $4179. He contends that he was denied due process when the bankruptcy court scheduled, noticed, and held an ex parte hearing on damages. Following the entry of default judgment, the bankruptcy court is not required to hold a hearing to determine the amount of damages. *See* Fed. R. Bankr. P. 7055 (adopting Fed. R. Civ. P. 55 in bankruptcy court adversary proceedings); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). However, if the court does hold a hearing, it must provide the parties with an opportunity to be heard. *See Transatlantic Marine Claims Agency*, 109 F.3d at 111 (court could not merely accept plaintiff's unsupported statement of damages). Rather, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is

notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). An ex parte hearing, such as that conducted by the bankruptcy court, violates a litigant's right to due process if the litigant was thereby denied the "opportunity to participate in determination of the relevant issues" and suffered unfair prejudice. *Guenther v. Comm'r*, 889 F.2d 882, 884 (9th Cir. 1989).

Here, although Fraidin received notice of the scheduled hearing to determine the amount of damages, the notice clearly stated that the hearing was to be "ex parte." Thus, Fraidin was denied the opportunity to challenge the Trustee's evidence as to the amount of damages, and he was thereby prejudiced. *See id.* Because he was not afforded an opportunity to present contrary evidence, cross-examine the Trustee's witnesses and evidence, or challenge the determination or reasonableness of the attorneys' fees awarded, we find that Fraidin was denied due process. *See Mullane*, 339 U.S. at 314; *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) ("Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.").

Accordingly, we vacate the district court's order and remand for further remand of this case to the bankruptcy court with instructions to afford Fraidin an opportunity to be heard prior to the determination of the amount of damages due. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*